IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CV-528-MU

| | |
|---|---|
| JESSICA TOLBERT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANC OF AMERICA INVESTMENT )<br>SERVICES, INC. AND BANK OF )<br>AMERICA, N.A. )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Defendants Banc of America Investment Services, Inc. and Bank of America, N.A.'s Motion for Summary Judgment pursuant to Rule 56(b), Fed. R. Civ. P., (Document No. 16). Assuming all of Plaintiff Tolbert's allegations are true, there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. For the reasons set forth below, Defendants' motion is GRANTED.

**I. BACKGROUND**

Plaintiff Jessica Tolbert ("Ms. Tolbert") is a former employee of Defendants Banc of America Investment Services, Inc. and Bank of America, N.A. (collectively referred to as the "Bank"). On April 27, 2005, Ms. Tolbert filed a discrimination complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging she was discriminated against because of her sex and retaliated against because she had reported an incident of sexual harassment. On October 28, 2005, the EEOC issued a "right to sue" letter and subsequently thereafter, Ms.

Tolbert filed this action on December 16, 2005, seeking relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII") and N.C. Gen. Stat. § 143-422.1.

In May 2003, Ms. Tolbert began work for Fleet as a Registered Sales Assistant. In the summer of 2004, Fleet was acquired by Bank of America. In August 2004, Ms. Tolbert interviewed for the Pathways Program, which guaranteed Financial Advisors time to build an established clientele by paying them a base salary of $60,000 per year for two years. Larry Rosenberger ("Rosenberger"), Ms. Tolbert's new boss, denied her entry into the Pathways Program, explaining she was not qualified for the position . On October 4, 2004, Ms. Tolbert was offered a position working with Ms. Fritshe as a Registered Sales Assistant.

On October 25, 2004, Ms. Tolbert attended the Bank's Annual Compliance meeting at the Fox and the Hound restaurant, in Charlotte, where Ms. Tolbert was sexually harassed by another Bank employee. The next day, Ms Tolbert reported the incident to her former boss, David Sullivan, and he told Rosenberger. In December 2004, Ms Tolbert filed a complaint with the Bank's Human Resources department accusing Rosenberger of discriminating against her because she reported the sexual harassment.

On March 2, 2005, Rosenberger hired three new male Financial Advisors into the Pathways Program. On April 5, 2005, Ms. Tolbert asked Rosenberger to be put in the Pathways Program and again he told her she was not qualified. On April 6, 2005, in her second complaint, Ms. Tolbert reported to Human Resources that Rosenberger had discriminated against her based on her gender. She also reported another incident of sexual harassment from a different employee that occurred in December 2004. On April 15, 2005, Ms. Tolbert resigned from her position at the Bank.

## II. DISCUSSION

Rule 56(c) establishes that a party is entitled to summary judgment if the court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV.. P. 56(c) (2006). In determining whether there is a triable dispute of material fact, the court must construe all allegations in light most favorable to the non-moving party. Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp. 475 U.S. 574, 587 (1986) (internal citations omitted).

### A. Claim I: Title VII–Disparate Treatment Sex Discrimination

When there is no direct evidence of discrimination, such as in this case, the plaintiff must use the burden shifting analysis articulated by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which first requires a plaintiff to prove a prima facie case of discrimination. To establish a prima facie claim, Ms. Tolbert must show that: 1) she is a member of a protected class, 2) she was eligible for the Pathways Program, and 3) the Bank failed to select her for the program under circumstances giving rise to an inference of discrimination. Thompson v. Potomac Electric Power Co., 312 F.3d 645, 650-51 (4 th Cir. 2002). If Ms. Tolbert establishes a prima facie case, the Bank must proffer a legitimate, non-discriminatory reason for the alleged adverse employment action. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147-48 (2000). Once the Bank does so, the burden shifts back to Ms. Tolbert to show that the reason was a pretext for discrimination.

In regards to her first complaint of gender discrimination, Ms. Tolbert fails to prove a prima facie case with respect to the third element: the Bank failed to select her for the Pathways Program under circumstances giving rise to an inference of discrimination. Ms. Tolbert argues that she was clearly qualified for the Pathways Program when she requested to be placed in it in August 2004, and Rosenberger selected three males who were not as qualified. (Plaintiff's Memo Document No. 22, p. 11-12). Assuming Ms. Tolbert was qualified for the position, the men who were allegedly selected instead of Ms. Tolbert were not hired until March of 2005, approximately eight months later. (Plaintiff's Complaint, p. 4). Ms. Tolbert does not provide any information of anyone, male or female, who was selected for the Pathways Program contemporaneous with her being denied entry. Additionally, Rosenberger told Ms. Tolbert she was not qualified for the "full" Pathways track because of her level of experience but offered several other positions including the "CIS" Pathways position. (Defendants' Memo Document No. 17, p. 3). Furthermore, Rosenberger hired a female employee and placed her in the Pathways Program, which cuts against an inference of discrimination. Id. at 5. Accordingly, Ms. Tolbert has not provided sufficient evidence to infer that the Bank discriminated against her based on her sex.

In regards to her second complaint of gender discrimination, Ms. Tolbert fails to prove a prima facie case with respect to the second and third elements. Ms. Tolbert was not eligible to enter the Pathways Program in 2005 because she was committed to work with Ms. Fritshe for twelve months, beginning January 2005. (Plaintiff's Deposition, p. 22). Again, the Bank failing to select Ms. Tolbert for the Pathways Program and hiring three men and one woman do not give rise to an inference of discrimination. Accordingly, Ms. Tolbert has failed to establish a prima face case of gender discrimination; therefore, further analysis is moot.

### B. Claim Two: Title VII–Retaliation

To establish a prima facie case of retaliation, Ms. Tolbert must show that: 1) she engaged in a protected activity, 2) that the Bank took an adverse employment action against her, and 3) a casual connection existed between the protected activity and the asserted adverse action. <u>Carter v. Ball</u>, 33 F.3d 450, 460 (4th Cir. 1994).

Ms. Tolbert fails to establish a prima facie case with respect to the second and third elements with respect to her first complaint. Ms. Tolbert argues the protected activity consists of her complaints to the Bank's Human Resource department in October and December of 2004. (Plaintiff's Memo Document No. 22, p. 17-18). Ms. Tolbert's complaints occurred after she was denied entry into the Pathways Program. <u>Id.</u> Accordingly, the Bank could not have taken adverse employment action against her, and there could not have been a casual connection.

In sum, Ms. Tolbert has failed to establish a prima facie case for either Title VII claims. Ms. Tolbert has not provided this Court with any evidence that there is a genuine issue of material fact in the case, therefore

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is**GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' requests for costs and reasonable attorneys' fees are **DENIED.**

Signed: June 26, 2007

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge